IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CATHERINE ANN HICKLING, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| VS. | :    7 : 10-CV-70  (HL) |
| | : |
| OFFICER WEBB, | : |
| | : |
| | : |
| Defendant. | : |

**RECOMMENDATION**

Defendant Webb was ordered served on August 16, 2010. (Doc. 4). Service of the complaint and waiver forms was attempted by mail on August 31, 2010, using the address provided by the Plaintiff for the Defendant at the Irwin County Detention Center. (Doc. 6). Service documents were returned unexecuted on October 8, 2010, with the notation "[n]ot at this address". (Doc. 9). Defendant Webb has never been served, and no Answer has ever been filed by the Defendant. By Order dated October 12, 2011, the Court provided the Plaintiff with 21 days to provide a current address for Defendant Webb or face the ultimate dismissal of this action. (Doc. 10). As of November 8, 2011, the Plaintiff has failed to respond to the Court's Order.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On October 12, 2011, the Court notified the Plaintiff that this action was subject to dismissal and directed her to show cause as to why this action should not be dismissed pursuant to Rule 4(m) due to lack of service. (Doc. 10). Additionally, the Plaintiff was instructed to provide a current address for the Defendant in order to maintain her claims against him. *Id.*

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991). The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2007 WL 4500395 *2 (S.D.Fla., Sept. 30, 2008); *Madison v. BP Oil, Co.,* 928 F. Supp. 1132, 1137 (S.D.Ala. 1996). In general, good cause is found to exist only when some "outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to establish good cause for her failure to provide the Court with a valid current address for the Defendant so that service might be perfected. The Plaintiff has failed to establish a reasonable basis for noncompliance with Rule 4(m). *Accord Zachery v. Thigpen,* 895 F. Supp. 1472, 1477 (M.D.Al. 1995). The Court notes that neither absence of prejudice alone, inadvertent error, nor ignorance of the rule governing service will excuse a litigant's failure to effect timely service. *Madison*, 928 F. Supp. at 1137.

The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, if special circumstances or the facts of the case at issue warrant an extension. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (service period could be extended when action could not be refiled due to the running of

the statute of limitations, and defendant had notice of the suit and had been properly served); *Lepone-Dempsey*, 476 F.3d at 1282 (even if good cause not shown, courts should consider special factors such as running of the statute of limitations or defendant's evasion of service in deciding whether to extend service period); *Fellner v. Cameron*, 2011 WL 4382086 (M.D.Fla., Sept. 30, 2011) (court has discretion to extend time for service of process in absence of good cause showing).  However, as the 120-day period for service herein has long been expired and no address has been provided for the named Defendant, and as the alleged incident happened less than two years ago, on June 10, 2010, the Court finds that no special factor warrants a reopening and extension of the service period herein.

Inasmuch as the Plaintiff has failed to establish cause as to why this matter should proceed against the named Defendant and further has failed to provide a current address for this Defendant, it is the recommendation of the undersigned that this matter be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 9th day of November, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE